## Case No. 6,075.

HARMER et al. v. GWYNNE.

[5 McLean, 313.] 1

Circuit Court, D. Ohio. Oct. Term, 1851.

BILL OF PEACE—WHEN AUTHORIZED—RULES OF EVIDENCE IN EQUITY.

1. The rule, though general, is not universal, that more than one trial at law is required, to authorize a bill of peace. Much depends upon the circumstances of the case.

2. If a trial has been full and satisfactory, and from lapse of time an acquiescence may be presumed, and, if in addition to this, a case in the circuit court has been reviewed and affirmed by the supreme court of the United States, strong ground exists for a bill of peace.

3. Under the 9th section of the practice in chancery act of the state, of 1824 [22 Ohio St. p. 75], a title may be quieted, when it has been established.

4. In such a case the court cannot direct, in a second trial before a court of law, that the same evidence shall be received as was used in the first trial. In directing an issue to a court of law. this may be done. Or, in granting a new trial, such an order may be made as a condition.

1 [Reported by Hon. John McLean, Circuit Justice.]

5. The rules of evidence, except the answer of the defendant, are the same in chancery as at law.

[Cited in Dishong v. Finkbiner, 46 Fed. 15.]

[This was a bill in equity by William Harmer and others against A. E. Gwynne.]

Mr. Chase, for plaintiffs.
Mr. Walker for defendant.

OPINION OF THE COURT This is a bill to quiet title. In December, 1829, the plaintiffs recovered, by an action of ejectment, in this court, certain lots in the city of Cincinnati on which a judgment was rendered, which judgment was affirmed, on a writ of error, by the supreme court, at January term, 1833. The bill states that the lots claimed were conveyed to the ancestor of the complainants, by John C. Symmes, on the 6th of May, 1791, and that the deed was regularly recorded. That Gen. Harmer, shortly after the deed was executed, took possession of the lots, and remained in possession until his death, in 1814. That when Gen. Wilkinson commanded the garrison at Fort Washington, he had the parade ground enlarged so as to include the lots, by which means their boundaries became obliterated and lost. Judge Symmes did not obtain the patent for his Miami purchase until 1794. The deed to Gen. Harmer being prior to that time, it was supposed that the legal title remained in Symmes, and it was levied on and sold under an execution, as his property, to Ethan Stone. In 1811, Gen. Harmer filed a bill in the supreme court of Ohio, and obtained a decree that the said Stone should release to his heirs all his pretended title. This was in 1820, Gen. Harmer having died in 1814. The heirs of Gen. Harmer, on his death, came into the possession of the premises. The release executed by Stone, under the decree of the court, described the lots as lying south of Front street, they being situated north of it. At the death of Gen. Harmer, his heirs were minors. After they became of age, in 1828, they brought an action of ejectment in this court for the lots and recovered possession of them, which they have ever since maintained.

The bill alleges that the defendant, who claims by descent from his father, who was one of the defendants named in the ejectment writ, has lately commenced an action of ejectment in the superior court of Cincinnati, which was removed by the defendants to this court. The bill further alleges, that the boundaries of said lots, and many other facts proved in the action of ejectment, cannot now be proved, by reason of the death of the witnesses; and they pray that they may be quieted in their title by enjoining the defendant; and that if the court shall be of the opinion that the defendant is entitled to another trial at law, that he may be required to receive the depositions and evidence used in the former case. The defendant demurred, generally, to the bill. The remedy claimed

in this case may be resorted to, to suppress oppressive litigation, and prevent irreparable mischief. And an injunction may be granted to quiet the possession of an owner of land against ejectment suits, where the right of the complainant has been satisfactorily established by law. And in some cases it has been held immaterial what number of trials has been had. 2 Story, Eq. Jur. § 859. This jurisdiction was formerly much questioned. Lord Cowper refused an injunction where five verdicts had been rendered for the plaintiff. But the house of lords overruled this decision, and established the jurisdiction. 26 E. C. L. 859.

The power to grant injunctions is confided to the discretion of the court of chancery, to be exercised in all cases, where that court shall deem it necessary, for the furtherance of justice. Trustees of Huntington v. Nicoll, 3 Johns. 586. In that case there was one trial for trespass, and, under the circumstances, it was held that the court ought to quiet the title. It has not been usual to exhibit a bill in chancery for quieting a title between two individual claimants until after several verdicts at law. But it seems not to have been held that any precise number of verdicts at law before a bill of peace can be sustained. The better rule would seem to be, that the title at law has been fully and fairly established by one or more trials. 2 Term R. 601. In Leighton v. Sir Edward Leighton, 1 P. Wms. 672, there were two verdicts for the defendant, and afterwards two for the plaintiff, and the court perpetually enjoined further litigation, quieting the plaintiff in his possession. By a note in that case it is said, that in a cause much litigated, the defendant shall not be concluded by one verdict. That case was affirmed, on an appeal to the house of lords. 2 Brown, Parl. Cas. 21. After the right to real estate has been satisfactorily established at law, equity will quiet the title against further disturbance. It is immaterial what number of trials have been had, whether two or more, so that the right be satisfactorily established. Marsh v. Reed, 10 Ohio, 347. In Weller v. Smeaton, 1 Brown, Ch. 573, the demurrer was allowed, as the right had not been established at law. In that case the lord chancellor said, if after trial, the party should begin again, and commit new trespasses, it is possible a case might be made to induce this court to interfere by way of injunction, but merely where one party claims, and another denies the right, it is impossible to entertain the bill.

On the part of the defendants, it was contended that the general rule on this subject required two or more trials at law, before chancery would restrain the defendant from prosecuting an action at law, to recover the possession of the premises; and the following authorities were read in support of the position assumed: Finch, Prec. 262; 1 Brown. Parl. Cas. 266; 2 Brown, Parl. Cas. 217; 2 Atk. 48; 3 Johns. 586, 590; 1 P. Wms.

672. In the case before us the facts have been tried once only by a jury; but exceptions were taken as to the admission of the facts in evidence before the jury, and the principles of law which belong to the case have been twice considered and decided; first, in the circuit court, and then in the supreme court. This, in such a case, is entitled to consideration. Long continued possession is also a matter not to be disregarded in the case. From lapse of time, a presumed acquiescence in the first decision may be drawn. And in addition to the above consideration, all the points which could be raised, were made and deliberately considered in the circuit court, and also in the supreme court, we are inclined to think might afford ground on which to quiet the title. But there is another ground on which this proceeding may be sustained, and which has not been advocated in the argument. In the 9th section of the practice in chancery act of 1824, of this state, it is provided, "That any person having both the legal title to, and possession of land, may institute a writ against any other person setting up a claim thereto; and if the complainant shall establish his title to such land, the defendant shall be decreed to release his claim thereto, and to pay the complainant his costs; unless the defendant shall, by his answer, disclaim all title to such lands, and offer to give such release to the complainant, in which case the complainant shall pay to the defendant his costs, except for special reasons appearing, the court shall otherwise decree."

In the case of Clark v. Smith, 13 Pet. [38 U. S.] 20, under an act of Kentucky of 1796, which contained the same provisions as are in the Ohio act, the supreme court held it afforded ground of relief. They say, "The state legislatures have no authority to prescribe the forms and modes of proceeding in courts of the United States; but having created a right and at the same time, prescribed a remedy to enforce it, if the remedy prescribed is substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as in the state courts." Under the above statute it is not perceived why relief may not be given to the complainants, if they shall show themselves entitled to it. It is a new right so far as the form of the action is concerned, which can be enforced only by a court of chancery. And in such a case the supreme court have held relief may be given. In regard to the alternative prayer of the bill, to require the court of law, if the injunction shall not be granted, to receive the evidence in behalf of the complainants that was used on the trial of the former ejectment, I am inclined to doubt the power of the court. Where chancery directs an issue at law, such an order may be made. But can the chancellor in this manner control the judgment of a court of law. In directing or

granting a new trial, this may be done as a condition of granting the motion. But the rule of law, in regard to the admission of evidence, is the same at law as in chancery. It is true the answer of the defendant, responsive to the bill, is evidence which must be contradicted, but in every other respect the rule in both courts is the same. The demurrer is cverruled, and leave is given to the defendant to answer the bill.

[For previous stage of this litigation, see Case No. 6,076.]